UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTV INC., <br><br> Defendant. | ) ) ) ) ) Case No. 11 CV 05284 ) ) Honorable Ruben Castillo ) ) ) ) ) ) |

**PLAINTIFF COMCAST'S MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Comcast Cable Communications, LLC ("Comcast") hereby moves the Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* for a temporary restraining order and preliminary injunction to enjoin Defendant DIRECTV, Inc. ("DIRECTV") from directly or indirectly using in commerce, publishing, or otherwise disseminating in any and all media advertisements or any other materials falsely stating or implying that: (i) DIRECTV's NFL Sunday Ticket service is "free" or offered "at no extra charge"; (ii) subscribers of cable television are only able to watch a single NFL football game each Sunday or each week; or (iii) subscribers of cable television in the greater metropolitan Philadelphia area are unable to watch Philadelphia Eagles football games. The false and deceptive advertisements which Comcast seeks to enjoin include, without limitation, the following:

1) The "Helicopter" television commercial, as identified in paragraph 13 of the Complaint, a video file of which is attached as Exhibit D thereto;

2) The "Only Game" television commercial, as identified in paragraph 14 of the Complaint, a video file of which is attached as Exhibit E thereto;

3) The "Eagles" television commercial, as identified in paragraph 15 of the Complaint, a video file of which is attached as Exhibit F thereto.

4) The Internet display advertisement described and partially reproduced in paragraphs 17-19 of the Complaint;

5) The radio advertisement identified in paragraphs 21 of the Complaint, an audio recording of which is attached as Exhibit H thereto; and

6) The radio advertisement identified in paragraph 22 of the Complaint, an audio recording of which is attached as Exhibit J thereto.

Comcast has a strong likelihood of success on the merits of its federal false advertising and related state law claims. **First**, DIRECTV's advertisements claim that its popular NFL Sunday Ticket service, which allows consumers to watch NFL games beyond their local markets, is available for "free" or at "no extra charge." What DIRECTV's advertisements fail to disclose (or, in some instances, intentionally obscure) is that DIRECTV's offer is <u>not</u> for free NFL Sunday Ticket service. Rather, it requires enrollment into a two-year contract for a premium level of service where the customer is automatically enrolled for two years of the NFL Sunday Ticket service and charged <u>full price</u> for the second year of service. **Second**, DIRECTV's advertising campaign also includes the literally false claim that cable subscribers only receive one single NFL football game on Sundays during the regular season. This is incorrect—<u>every</u>

Comcast cable subscriber has access to multiple NFL football games on <u>every</u> Sunday of the football season.

DIRECTV's advertising campaign has caused, and unless enjoined, will continue to cause, Comcast irreparable harm, and the balance of harms overwhelmingly favors the issuance of a temporary restraining order and preliminary injunction. Because DIRECTV's advertisements are literally false, and because DIRECTV is a direct competitor of Comcast in the subscription television market, Comcast is entitled to a presumption of irreparable harm. Moreover, even if it is not presumed, Comcast has established irreparable harm. Through its false advertisements, DIRECTV seeks to gain a long-term and unfair competitive advantage by luring cable customers, including those of Comcast, into switching to DIRECTV service under the false pretense that only one NFL football game is available on cable each week, and that, by switching to DIRECTV, they will have DIRECTV's NFL Sunday Ticket service without paying anything for it. This false – and psychologically powerful – message also harms the consuming public who are baited into DIRECTV's locked, two-year contracts and, ultimately, paying extra for the very service that DIRECTV claims to be providing "at no extra charge," and for "free."

Comcast has been in contact with inside and outside counsel to DIRECTV throughout the week of August 1, and was informed by DIRECTV today that it will be represented by the law firm of Kirkland & Ellis LLP in this litigation. As detailed in the Declaration of Thomas Jirgal, Comcast provided DIRECTV a copy of its Complaint by email last night after it was filed. Comcast has or will concurrently with this filing provide DIRECTV's designated counsel at Kirkland & Ellis copies of its Complaint, this motion, and all papers filed in support of the motion.

Date: August 4, 2011

                        LOEB & LOEB LLP


               By:    /s/ Douglas N. Masters
                      Douglas N. Masters
                      Thomas P. Jirgal
                      321 North Clark Street, Suite 2300
                      Chicago, Illinois 60610
                      Telephone: (312) 464-3100
                      Fax: (312) 464-3111

                      Christian D. Carbone
                      Thomas D. Nolan III
                      Wook Hwang
                      (*pro hac vice applications forthcoming*)
                      345 Park Avenue
                      New York, New York 10154
                      Telephone: (212) 407-4000
                      Fax: (212) 407-4990

*Attorneys for Comcast Cable Communications, LLC*

## **CERTIFICATE OF SERVICE**

I, Douglas N. Masters, hereby certify that on this 4th day of August, 2011, I served the attached **PLAINTIFF COMCAST'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** by process server on the following parties:

DIRECTV INC.
c/o Corporation Services, Registered Agent
Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, IL 60654


/s/ Douglas N. Masters